# FEINBERG *v.* COWAN.

PATENTS; INTERFERENCE; DILIGENCE.

Failure for three years after conception, by the junior party to an inter-
    ference, to reduce to practice the invention,—a very simple device,
    namely, a clamp for holding glass plates,—during which time the senior
    party entered the field and reduced to practice, is not excused
    by want of time and money, where it appears that during such period
    the junior party abandoned his calling as a salesman of plate glass,
    and engaged in another and different business, to start which he
    borrowed $3,000.

No. 402. Patent Appeals. Submitted January 11, 1907. Decided February
                            5, 1907.

HEARING on an appeal from a decision of the Commissioner
of Patents in an interference proceeding.        *Affirmed.*

The facts are stated in the opinion.

*Mr. Joseph L. Levy* and *Mr. O. E. Edwards* for the appellant.

*Mr. R. B. Wilson* for the appellee.

Mr. Justice ROBB delivered the opinion of the Court:

This is an appeal involving three concurrent decisions of the
Patent Office in an interference proceeding awarding priority
of invention to appellee, Duncan A. Cowan, the senior party,
upon an issue expressed in the following counts:

"Count 1. In a device of the class described, in combination,
a pair of angularly disposed legs adapted to rest against the

outer face of two abutting plates, a member attached to one of said legs and having an inclined extension lying in the angle between said legs, and a clamping block attached to said extension.

"Count 2. A fastening device for connecting plates, comprising a member having angularly disposed legs, a stud attached to one of said legs, adapted to pass between the edges of said plates, and having an inclined threaded extension lying in the angle between said legs, and a clamping member attaching to the same and engaging the faces of said plates."

The invention described in the above counts is a very simple one, and covers a clamp for holding glass plates. Cowan by competent evidence conclusively established conception of the invention about January 1, 1904, and reduction of the same to practice on or about March 25, 1904, at which time he had a full-sized clamp made. The manager of the shop where Cowan's clamp was made identified shop orders under date of March 24, 1904, which Cowan gave him for making the clamp, and testified that Cowan also gave him a wooden pattern; that the order and pattern were delivered to a workman, who completed the clamp on March 25, 1904; and that this clamp was delivered to Cowan on the day it was made. Witness identified Cowan's exhibit as being the clamp made on said March 25, 1904. Cowan followed this diligence by having other clamps made.

Sachary I. Feinberg [the appellant] testifies that from sometime in September, 1900, to November, 1900, he worked selling plate glass for I. Feinberg, who was a cousin and a plate glass dealer in New York, and that during the month of September, 1900, he conceived the invention in issue. His testimony concerning conception in 1900 is not corroborated, and is, moreover, vague and unsatisfactory. On November 30, 1900, he abandoned his position as plate glass salesman, and went to Philadelphia, where, with $3,000 he had borrowed for the purpose, he opened and managed three different music schools for mandolin, violin, banjo, guitar, and piano teaching. This venture was not a success, and at the end of August, 1903, he returned to New York, and again engaged as a plate glass sales-

man for I. Feinberg. About the middle of October, 1903, he engaged in the business, with his cousin Samuel Feinberg, of soliciting orders for glass for buildings. He continued in this last venture until July, 1904. Feinberg testifies that: "In the early part of September, 1903, counsin Ike Feinberg and myself agreed upon terms, and I became salesman on the very first day, that was on Wednesday after Labor Day, 1903. I bethought myself of my glass fastener which I thought out before I went in the music business, and the very evening when I got home I draughted in my order book a crude sketch of that clamp, which looked to me like a printed capital F with an elongated incline in a dash together with a triangular inner filler and a thumb screw, and when on the following Saturday I went to Philadelphia, I showed the sketch to my cousin Sam Feinberg. He however thought it would not hold together." Feinberg produced his order book showing this sketch, and his cousin gave corroborative testimony on this point. Nothing, however, was actually done by Feinberg, according to his own testimony, towards reducing his invention to practice until sometime in April, 1904, probably late in April, when he engaged a model maker to make a clamp for him. He introduced in evidence a bill dated June 27, 1904, for making this clamp. The explanation was made that bills were sent out about four weeks after the completion of the work. Accepting this statement as correct, the earliest date of reduction to practice by Feinberg is May 27, 1904. Inasmuch as Cowan reduced his invention to practice on March 25, 1904, it is apparent that, unless Feinberg can satisfactorily explain his failure to reduce his invention to practice prior to that date, Cowan must prevail. The excuse Feinberg gives for his lack of diligence may be found in the following statement: "I was so busy earning my living, in soliciting, hunting up business, taking orders, that I did not have time to attend to the matter in that period, and one of the main reasons why I didn't do anything was that I didn't have any money to do it with, and I did not want to borrow the money to have the samples made." These reasons are not sufficient to entitle Feinberg to an award of

priority. According to his own statement, he conceived this invention in September, 1900, when he was engaged in selling plate glass. He subsequently borrowed $3,000 to engage in an entirely different line of business, the success of which must have been more uncertain than the success of such a simple and useful device as he claims to have invented. His lack of diligence throughout the three years between his original conception of the invention and his second disclosure to Sam Feinberg, "sometime in September, 1903," throws some light on his subsequent conduct, and leads to the conclusion that until late in 1904 he did not regard his invention as of sufficient importance to warrant the expenditure of either time or money. He was willing to borrow $3,000 with which to engage in a new and venturesome business, but delayed the expenditure of the almost nominal sum required to reduce his invention to practice. In view of the very simple nature of his device, the small expense involved in its construction, and the intervention of another party, we do not think his lack of diligence excusable. Manifestly, we cannot now permit him to displace a man who diligently followed conception of the invention with actual reduction to practice prior to the most favorable date of reduction to practice which can be given Feinberg. To do so under the facts disclosed by the record would be to discourage diligence and to encourage delay. Such a decision would tend in the future to subject diligent and honest inventors to needless and expensive litigation, and pave the way for deception and fraud. We therefore affirm the decision of the Commissioner of Patents, and it is so ordered.

The clerk of the court will certify this opinion and the proceedings in this court to the Commissioner of Patents, as required by law.                        *Affirmed.*